IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRAYLON RAY COULTER,**<br>    #58976-177,<br>        PETITIONER, | §<br>§<br>§<br>§ | |
| v. | § | CIVIL CASE NO. 3:25-CV-2511-K-BK |
| | § | |
| **HERIBERTO TELLEZ, ET AL.,**<br>        RESPONDENTS. | §<br>§<br>§ | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Braylon Ray Coulter's petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition. On September 16, 2025, Coulter, a federal inmate serving the remainer of his sentence on home confinement, petitioned for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 3. He challenges the execution of his sentence and seeks 167 days in time credits under the First Step Act (FSA). Coulter contends that these credits would result in his immediate release to supervised release and from electronic monitoring (which was part of his home-confinement protocol). Doc. 3 at 6-7. Online research confirms that Coulter was released from the custody of the Bureau of Prisons (BOP) on September 30, 2025, shortly after filing this petition. Therefore, the issue presented in his habeas petition is now moot.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445

U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

Coulter only sought immediate release to supervised release. Because Coulter has been released to supervised release, his petition is moot and should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. *See* FED. R. CIV. P. 12(b)(1).

**SO RECOMMENDED** on February 21, 2026.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).